PETER GOLDSTEIN [SBN 123111]
LAW OFFICES OF PETER GOLDSTEIN
400 Corporate Pointe, Ste. 300
Culver City, California 90230
Telephone: (310) 552-2050
Facsimile: (888) 400-8799

Attorney for Plaintiff
Derek Griscavage aka Derek Archambeau

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK GRISCAVAGE AKA DEREK ARCHAMBEAU,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF LEROY BACA, in his individual capacity; DAN CRUZ in his individual capacity; JERMAINE JACKSON, in his individual capacity; and DOES 1 to 10, inclusive, in their individual capacities,<br><br>Defendant. | CASE NUMBER: CV12-10721 MMM (MRWx)<br><br>**COMPLAINT FOR DAMAGES**<br><br>1: 42 USC 1983 [Federal Constitutional Rights Violations]<br><br>2: Deliberate indifference to inadequate policies re: hiring, training, supervision and retention<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Punitive Damages Requested*<br>*Attorneys Fees Requested* |

## PARTIES

1.  Plaintiff Derek Griscavage a/k/a Derek Archambeau (hereafter, "Plaintiff") is a resident of the County of Los Angeles, State of California. Plaintiff is currently an inmate in North Kern State Prison in Kern County, California.

2.  Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is and at

1  all times mentioned herein was a municipal corporation or political subdivision of the
2  United States, organized and existing under the laws of the State of California. Defendant
3  COUNTY is a chartered subdivision of the State of California with the capacity to sue and
4  be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures,
5  practices and customs of its various agents. At all relevant times, Defendant COUNTY was
6  responsible for assuring that the actions, omissions, policies, procedures, practices and
7  customs of its departments employees complied with the laws and the Constitution of the
8  United States.

3. Defendant SHERIFF LEROY BACA is sued in his individual capacity. He is alleged to be responsible for negligent hiring, training, supervision, and retention of COUNTY employees believed to be responsible for the acts and/or omissions alleged in this action.

4. Defendant, Captain DAN CRUZ is sued in his individual capacity. He is alleged to be responsible for allowing and promoting a policy of excessive force against inmates in the Los Angeles County jail. The policy may have been unwritten but constituted a de facto policy of allowing custodial officers to use excessive force, to cover up use of excessive force by other deputies and to deny medical treatment to inmates who are inflicted with excessive force by deputies employed by County of Los Angeles.

5. Defendant JERMAINE JACKSON(hereinafter "JACKSON") is sued in his individual capacity. He is alleged to be responsible for the acts and omissions alleged in this action, including but not limited to assaulting, battering, and intentionally inflicting emotional distress against Plaintiff in knowing and willful violation of his State and Federal civil rights.

6. Plaintiff is informed and believes and thereon alleges that DOES 1 to 50,

-2-

COMPLAINT FOR DAMAGES

inclusive, and each of them, were and are at all times relevant to this Complaint employees or agents of the County of Los Angeles. At all times relevant to the acts and omissions herein alleged, DOES 1 to 50, inclusive, and each of them, acted in the course and scope of their employment or agency with the COUNTY.

7. Plaintiff is unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Plaintiff will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifference, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifference, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8. Each of the individual Defendants sued herein is sued in his individual and personal capacity.

9. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

///

///

## FACTS COMMON TO ALL CAUSES OF ACTION

10. This action arises from an incident that occurred on December 25, 2010 at Twin Towers Correctional Facility, 450 Bauchet Street, Los Angeles, California 90012 and involved Jermaine Jackson and unknown deputies (DOES 1 through 50) of the Los Angeles County Sheriff's Department while Plaintiff was housed at 6th floor.

11. At or about 5:30 pm to 6:00 pm on December 25, 2010, Defendant JACKSON, a deputy stationed at Twin Towers Correctional Facility, was conducting a general search of inmates' cells. Plaintiff was in the walkway just outside his cell when the inspection was going to begin. Inmates are expected to drop to their knees while the search of the cells is being conducted. Plaintiff did not immediately fall to his knees before the inspection. Because Plaintiff had failed to fall to his knees, JACKSON yelled at him, "Get the fuck down! Are you fucking stupid?" Plaintiff immediately fell to his knees after which JACKSON said "Next time you better get your ass down." Plaintiff displayed his middle finger to JACKSON. Approximately 20 minutes later, JACKSON confronted Plaintiff again outside his cell. JACKSON ordered Plaintiff to face a wall with his arms behind his back and with his legs spread shoulder width apart. JACKSON walked up behind Plaintiff and painfully kicked Plaintiff's ankles to make him spread his legs farther apart. JACKSON then savagely and painfully applied handcuffs too tightly to Plaintiff's arms behind his back and then pulled Plaintiff's handcuffed arms up toward his shoulders in a severely painful "chicken wing" position with so much force that Plaintiff's face was pushed into a window. JACKSON then forced Plaintiff to walk into an area with 4-5 other deputies whose identities are presently unknown to Plaintiff away from the pod. Plaintiff does not remember what happened next because he blacked out. The next event he remembers is waking up groggy in a hospital in severe pain with blood all over his head, face, and chest. He was told by an unknown deputy that the corners of both of his eyes had been split open, the top of his left

ear was cut, and that he had a chipped tooth. Plaintiff could feel lumps on his head and his nose was broken. Other inmates who witnessed the beating informed Plaintiff that Defendant JACKSON had struck Plaintiff's head, with his handcuffs still applied behind his back, after which Plaintiff hit the floor and received kicks, punches and other strikes to his body, head, and face from JACKSON.

12. Plaintiff believes that the deputies used excessive force pursuant to a pattern and/or practice of knowingly condoning and permitting excessive force in violation of the United States Constitution.

## PAST AND PRESENT PATTERNS OF ABUSE OF INMATES BY LOS ANGELES COUNTY SHERIFF"S DEPARTMENT

13. Abuse of inmates by Los Angeles County Sheriff's deputies has been an unresolved problem for decades. More than twenty years ago, the Los Angeles County Board of Supervisors appointed a commission to investigate the policies and practices of the Los Angeles County Sheriff's Department ("Department") pertaining to allegations of excessive force by deputies against inmates. The commission was chaired by retired Judge James Kolts, and produced a 357 report ("Kolts Report") replete with evidence of corruption including abusive deputy gangs, inadequate training, staffing, supervision, discipline, and a code of silence pertaining to inmate by deputies. In its own words, the Kolts Commission found, in 1991, "deeply disturbing evidence of excessive force and lax discipline." Just as disturbing, if not more so, is the recent assessment by the Civilian Commission on Jail Violence ("CCJV") in September 2012 that "the Department continues to finds itself plagued by the same force and discipline concerns and a problematic culture that resulted in excessive force in the County jails over many years."

14. The CCJV was convened by the Los Angeles County Board of Supervisors to

investigate ongoing complaints of jailhouse abuse throughout the Department's facilities. The CCJV's report found the same problems that were uncovered by the Kolts Report more than 20 years ago. In fact, the CCJV Report expressly stated that "At a fundamental level, the failure to heed recommendations made – and advanced repeatedly over time – is a failure of leadership in the Department. As the Sheriff has acknowledged, it was his [sic] responsibility to ensure that reforms recommended by these oversight and advocacy groups were implemented and that problems of excessive force in the County jails were addressed. Yet, his response has been insufficient." CCJV Report at 13.

15. For more than two decades now, numerous oversight bodies have propounded recommendations to the Department's leadership for the purpose of correcting the problems with deputy abuse of inmates. Those recommendations have pertained to reforming the process by which custodial deputies are selected, i.e., the practice of assigning new, young deputies to the difficult conditions of intra-jail work; the need to rotate deputy assignments over a variety of tasks to prevent deputy gangs; eliminating the practice of assigning custodial work as a means of punishing poorly performing deputies, which ensures a low level of quality among custodial personnel; addressing and correcting discipline deficiencies such as stricter punishment for deputies who fail to report and/or misrepresent force incidents pursuant to a 'code of silence,' as well as disciplining off duty misconduct; improving the monitoring of inmate complaints about deputy misconduct to ensure better monitoring of deputy performance; and improving of the accuracy and timeliness of personnel performance indices relating to deputies. CCJV Report at 16-24. Those recommendations remain woefully unheeded.

16. Apart from the Kolts and CCJV Reports, the ACLU has also scrutinized deputy abuse of inmates in Los Angeles County. In fact, the ACLU issues a report in May 2010 describing a "pervasive pattern of violence" spanning years. As with the Kolts and CCJV Reports, the ACLU's 2010 report detailed inadequate training, poor leadership,

COMPLAINT FOR DAMAGES

overcrowding, and a general culture of fear of deputies by inmates and violence by deputies. The report also described a pattern of "retaliation by Sheriff's Department employees against prisoners for communicating to the ACLU and other prisoners' advocates," and claimed that prisoners are targeted by deputies for unprovoked attacks. In a 2011 follow up report the ACLU summarized inmates' conditions: "to be an inmate in the Los Angeles County jails is to fear deputy attacks."

## FIRST CAUSE OF ACTION
(Violations of Federal Civil Rights [42 USC § 1983]
As Against All Defendants)

17.  Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

18.  In perpetrating the above described acts and omissions, defendants, and each of them, acted under color of state law to deprive Plaintiff of his civil rights under the Eighth and Fourteenth Amendments to the United State Constitution by knowingly and deliberately subjecting him to cruel and unusual punishment consisting of the use of excessive force. Further, Defendants, and each of them conspired to violate decedent's civil rights as described elsewhere in this complaint. Plaintiff was in Defendants' custody and under their direct control and supervision.

19.  As a direct and proximate cause of Defendants' breach of their duty to Plaintiff, Plaintiff suffered serious physical injuries.

20.  Plaintiffs are entitled to attorneys fees in accordance with 42 U.S.C. 1983 and, 42 U.S.C. 1988 for a violation of Plaintiff's civil rights.

21.  Defendants COUNTY, BACA, and DOES 1 to 50, were negligent by:

a. Employing, hiring and retaining as Deputies, including JERMAINE JACKSON and DOES 1 to 50, inclusive, which defendants at all times herein mentioned knew or reasonably should have known had dangerous propensities for using excessive force, improper tactics, for unlawfully detaining individuals, depriving individuals including Plaintiff of their State and Federal civil rights, and for otherwise abusing the authority of their position;

b. Inadequately reviewing, screening, supervising, training, controlling, monitoring, assigning, disciplining and retaining Sheriff's Deputies, including Jermaine Jackson and DOES 1 to 50, inclusive, which defendants at all times herein mentioned each knew, or in the exercise of reasonable care should have known, had the above-referenced propensities, character traits and past history of misconduct;

c. Knowingly permitting, encouraging, condoning, authorizing and ratifying the assault and beating of Plaintiff as alleged in this action;

d. Knowingly permitting, encouraging, condoning, authorizing, and ratifying the following conduct by officers of the police department: 1) the use of excessive force, violence and improper tactics, 2) the fabrication of false information and reports, and 3) permitting and condoning the violation by deputies of the COUNTY'S own Manual of Policies and Procedures, with the knowledge that the above-referenced conduct has caused and will continue to cause persons against whom such unconstitutional conduct is directed, to be injured, intimidated, humiliated, ostracized, and fearful of retaliation for reporting such conduct to the proper authorities;

-8-
COMPLAINT FOR DAMAGES

  e. Allowing a policy of assaulting citizens who pose no threat of serious danger and a policy of not recognizing Fourth Amendment Rights of individuals.

  f. Maintaining grossly inadequate procedures for screening, reviewing, supervising, investigating, monitoring, disciplining and controlling the use of force, and the detention of individuals, which said practices and policies have been calculated to cause, and have caused, the deprivation and loss of constitutional rights, and bodily and psychological injury to inmates and other persons of this County and State;

  g. Intentionally and deliberately ignoring police misconduct within its ranks, refusing to implement, enact or enforce internal disciplinary procedures necessary to monitor, supervise and discipline Sheriff's Deputies within and under the control of the COUNTY knowing that such misconduct foreseeably would, and did, result in the violation of the constitutional rights and liberties of citizens and other persons residing in this County and State.

22. Plaintiff is informed and believes, and on that basis alleges, that at all times herein Defendants, and each of them, were acting for and on behalf of each and all Defendants as their agents, servants, representatives, consultants and/or employees, and all of the acts, conduct and omissions herein were perpetrated while the Defendants were acting under color of law and within the authorized course and scope and agency and employment, and that each Defendant as aforesaid when acting as a principal, was negligent in the selection and hiring of each and every Defendant as an agent, servant and/or employee.

///

///

COMPLAINT FOR DAMAGES

///

## SECOND CAUSE OF ACTION

(Deliberate Indifference to Inadequate Hiring, Training, Supervision and Disciplining of Officers Against County, Baca, Cruz and Does 1 to 50)

23. Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

24. The policies under which the COUNTY hires, trains, supervises and disciplines its Sheriff's Deputies are inadequate to prevent the harms suffered by Plaintiff as alleged herein.

25. The COUNTY, BACA, CRUZ and DOES 1 to 50, inclusive, were deliberately indifferent to the need to create, implement and/or enforce policies by which to hire, train, supervise and discipline Sheriff's Deputies adequately. The COUNTY'S, CRUZ and BACA's and DOES 1 to 50s' deliberate indifference was demonstrated by their knowing and reckless disregard of the consequences of their acts or omissions, and the fact that they knew or should have known that their failure to create, implement and enforce adequate policies by which to hire, train, supervise and discipline Sheriff's Deputies would likely result in the harms of the type alleged herein.

26. It is further alleged that Defendants COUNTY, BACA, CRUZ and Does 1-50, inclusive, failed to formulate, implement and enforce proper, reasonable, adequate and safe procedures, standards and policies for its own employees in performing duties, such as duties being performed at the time of the incident herein, and failed to formulate, implement and enforce proper, reasonable, adequate and safe procedures, standards and policies for its Sheriff's Deputies, so as to create unreasonable and unacceptable risks to the public, all

of which acts or omissions were substantial factors in causing the injuries to Plaintiff. The COUNTY, BACA, and DOES 1 to 50, inclusive, were deliberately indifferent by knowingly:

  a. employing, hiring and retaining as employees, persons, including all defendants and Does 1-50, inclusive, which defendants at all times herein mentioned knew or reasonably should have known had dangerous propensities for using excessive force, improper tactics, for unlawfully detaining individuals, and for otherwise, abusing the authority of their position;

  b. inadequately reviewing, screening, supervising, training, controlling, monitoring, assigning, disciplining and retaining employees, including all defendants herein, inclusive, which defendants at all times herein mentioned each knew, or in the exercise of reasonable care should have known, had the above-referenced propensities, character traits and past history of misconduct;

  c. permitting, encouraging, condoning, authorizing and ratifying the assault and battery of Plaintiff;

  d. permitting, encouraging, condoning, authorizing and ratifying the following conduct by Sheriff's Deputies: 1) the use of excessive force, violence and improper tactics, 2) the fabrication of false information and reports, and 3) permitting and condoning the violation by officers of the COUNTY's own Manual of Policies and Procedures, with the knowledge that the above-referenced conduct has caused and will continue to cause persons against whom such unconstitutional conduct is directed, to be injured, intimidated, humiliated, ostracized, and fearful of retaliation for reporting such

conduct to the proper authorities;

  e. allowing a policy of assaulting and battering citizens who pose no threat of serious danger and a policy of not recognizing California State and Federal civil rights of individuals;

  f. maintaining grossly inadequate procedures for screening, reviewing, supervising, investigating, monitoring, disciplining and controlling the use of force, and the detention of individuals, which said practices and policies have been calculated to cause, and have caused, the deprivation and loss of constitutional rights, and bodily and psychological injury to persons of this County and State;

  g. intentionally and deliberately ignoring Sheriff's Deputy misconduct within its ranks, refusing to implement, enact or enforce internal disciplinary procedures necessary to monitor, supervise and discipline employees within and under the control of the defendants, knowing that such misconduct foreseeably would, and did, result in the violation of the constitutional rights and liberties of citizens and other persons residing in this state.

27. The COUNTY's, BACA's, CRUZ and DOES 1 to 50s' deliberate indifference was the substantial, direct and foreseeable cause of Plaintiff's harms.

28. Plaintiff requests punitive damages against Defendant JACKSON and other individual DOES because their actions were malicious, wanton, oppressive, and done knowingly and willingly with the intent to cause harm to Plaintiff in violation of his civil rights.

29. Plaintiff complied with the requirements of the Prison Litigation Reform Act(PRLA) by filing a grievance against Jermaine Jackson. The County acted upon that grievance and investigated and is now in the process of prosecuting Jermaine Jackson for his actions against Plaintiff, accordingly, Plaintiff exhausted his administrative remedies.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

**WHEREFORE**, Plaintiff seeks judgment against Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;
2. For special damages in an amount to be determined according to proof at trial;
3. For compensatory damages in an amount to be determined according to proof at trial;
4. For costs of suit incurred herein;
5. For punitive damages against all individual defendants who may appear in this action in an amount to be determined at trial;
6. For attorneys fees under 42 U.S.C. 1983 and, 42 U.S.C. 1988; and
7. For such other and further relief as the Court deems just and proper.

DATED: December 14, 2012

Respectfully submitted,

LAW OFFICE OF PETER GOLDSTEIN

By /s/ Peter Goldstein
Peter Goldstein, Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

```
CV12- 10721 MMM (MRWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:
Peter Goldstein, SBN 123111
Law Offices of Peter Goldstein
400 Corporate Pointe, Ste. 300
Culver City, CA 90230
T: 310-552-2050; F: 888-400-8799

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Derek Griscavage, a/k/a Derek Archambeau<br><br>PLAINTIFF(S)<br>v.<br>County of Los Angeles; Sheriff Leroy Baca; Dan Cruz; Jermaine Jackson, in their individual capacities; and Does 1 to/ 01, inclusive<br><br>_See Attached_ DEFENDANT(S). | CASE NUMBER<br><br>**CV12-10721** MMM (MRWx)<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Peter Goldstein_____, whose address is _400 Corporate Pointe, Ste. 300, Culver City, CA 90230_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: DEC 1 4 2012

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)   SUMMONS

Name & Address:
Peter Goldstein, SBN 123111
Law Offices of Peter Goldstein
400 Corporate Pointe, Ste. 300
Culver City, CA 90230
T: 310-552-2050; F: 888-400-8799

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Derek Griscavage, a/k/a Derek Archambeau | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-10721 MMM(MRWx) |
| County of Los Angeles; Sheriff Leroy Baca; Dan Cruz; Jermaine Jackson, in their individual capacites; and Does 1 to 1, inclusive | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within _____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Peter Goldstein_____, whose address is 400 Corporate Pointe, Ste. 300, Culver City, CA 90230_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____DEC 1 4 2012_____   By: _____JULIE PRADO_____
                                        Deputy Clerk

                                        (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                              SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Derek Griscavage aka Derek Archambeau

**DEFENDANTS**
County of Los Angeles; Sheriff Leroy Baca; Dan Cruz; Jermaine Jackson

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Peter Goldstein (SBN 123111)(310 552-2050)
400 Corporate Pointe, Suite 300
Culver City, Ca, 90230

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☒ **MONEY DEMANDED IN COMPLAINT:** $ 4,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☒ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV12-10721**

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)             CIVIL COVER SHEET          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Kern County presently, Los Angeles County permanently |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 12/14/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |